UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EZZEDDEAN NEME AND ALIA-MARIA RASHIED NEME, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No.: ) |
| TRANSAM TRUCKING INC., USAA GENERAL INDEMNITY COMPANY, JEFFREY ELLIOTT, JEFFREY CAVINS, AND JOHN DOE, | ) ) ) ) ) ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## *TRANSAM TRUCKING, INC. AND JEFFREY ELLIOTT'S NOTICE OF REMOVAL*

COME NOW Defendants, TransAm Trucking, Inc. ("TransAm") and Jeffrey Elliott ("Elliott"), by and through their attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal from the 21st Judicial Circuit of the State of Missouri (St. Louis County) to the United States District Court for the Eastern District of Missouri.  In support of its Notice of Removal, TransAm and Elliott state as follows:

Plaintiffs initiated this action by filing their Petition in the Circuit Court for St. Louis County on May 3, 2016.  Plaintiffs' Petition contains the following counts:

- **Count I: Negligence (against Elliott and Defendant Cavins)**
- **Count II: Negligence Per Se (against Elliott and Defendant Cavins)**
- **Count III: USAA General Indemnity Company for Uninsured Motorist Coverage**

Plaintiffs' Petition indicates that the parties reside in different states.  More specifically, Plaintiffs allege that the parties reside in the following states:

- Plaintiffs – Michigan;
- Jeffrey Elliott – Pennsylvania;
- Jeffrey Canvins – Illinois;
- TransAm Trucking, Inc. – Headquartered in Kansas, Incorporated in Missouri;
- USAA General Indemnity Company – Texas.

Pursuant to 28 U.S.C. § 1446(a)–(b), arrangements have been made to send a certified copy of all process, pleadings, and orders from the St. Louis County Circuit Court and the filing of this Notice of Removal is timely.

Consent to removal has been obtained from Co-Defendants Jeffrey Cavins and USAA General Indemnify Company. The parties reside in different states and the matter in controversy exceeds $75,000.00 due to the presence of three counts which each demand relief in excess of $25,000.00. For these reasons, Plaintiffs' cause of action should be removed to federal court.

The presence of complete diversity warrants removal to federal court. The presence of complete diversity and a matter in controversy which exceeds the sum of $75,000.00 warrants removal to federal court.

28 U.S.C. § 1332(a)(1)–(4) states:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C.A. § 1332(a)(1)–(4); *see also Niesman v. Cincinnati Ins. Co.*, 2006 WL 27213, at *1 (E.D. Mo. Jan. 5, 2006) (noting that a defendant may remove a state court action to federal court based on diversity of citizenship when the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states). It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. *See Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969).

Consent to removal has been obtained from Co-Defendants Jeffrey Cavins and USAA General Indemnify Company. As indicated by Plaintiffs' Petition, the parties reside in different states thereby illustrating complete diversity. The matter in controversy exceeds $75,000.00 since there are three counts which each demand relief in excess of $25,000.00. Pursuant to 28 U.S.C.A. § 1446(a)–(b), arrangements have been made to send a certified copy of all process, pleadings, and orders from the St. Louis County Circuit Court and the filing of this Notice of Removal is timely. For these reasons, Plaintiffs' cause of action should be removed to federal court.

WHEREFORE, TransAm and Elliott respectfully request for the removal of this cause of action from the 21st Judicial Circuit of the State of Missouri (St. Louis County) to the United States District Court for the Eastern District of Missouri and for such other and further relief as this Court deems just and proper.

/s/ J. Phillip Bryant
J. Phillip Bryant  #46154MO
Michael A. Langella   #67258MO
PITZER SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 27th day of May 2016, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 27th day of May 2016:

Walter H. Bley, Jr.
Mark J. Evans
Bley & Evans
Woodrail Centre Building
1000 West Nifong Bldg. 4
Suite 200
Columbia, MO 65203
*Attorneys for Plaintiff*

James Wilke
Wilke and Wilke, P.C.
2708 Olive Street
St. Louis, Missouri 63103
*Attorney for Jeffrey Cavins*

Kathleen Hamilton
HeplerBroom, LLC
211 North Broadway, Suite 2700
St. Louis, Missouri 63102
*Attorney for USAA General Indemnity Co.*

    /s/ J. Phillip Bryant

4

{01641659.DOCX;1}