# Your Missouri Courts

ase.net

Search for Cases by: [Select Search Method... ▼]

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff JPBRYANT60

## 16SL-CC01649 - EZZEDDEAN NEME ET AL V JEFFREY ELLIOTT ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**

**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  Display Options: [All Entries ▼]
                   ○ Ascending

---

**05/20/2016**  ☐ **Cert Serv of Interrog Filed**

Certificate of Service of Interrogatories and Request to Produce to Plaintiffs; Electronic Filing Certificate of Service.
  **Filed By:** DANIEL E WILKE
  **On Behalf Of:** JEFFREY CAVINS

☐ **Answer Filed**
  **Filed By:** DANIEL E WILKE

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
  **Filed By:** DANIEL E WILKE

**05/19/2016**  ☐ **Agent Served**

Document ID - 16-SMCC-3251; Served To - USAA GENERAL INDEMNITY COMPANY; Server - CT CORP; Served Date - 13-MAY-16; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

**05/16/2016**  ☐ **Summons Personally Served**

Document ID - 16-SMOS-317; Served To - CAVINS, JEFFREY; Server - ; Served Date - 11-MAY-16; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

☐ **Notice of Service**
Sheriffs Certification of Service of Summons on Defendant Jeffrey Cavins; Electronic Filing Certificate of Service.
  **Filed By:** WALTER H BLEY JR
  **On Behalf Of:** EZZEDDEAN NEME, ALIA-MARIA RASHIED NEME

**05/05/2016**  ☐ **Summons Issued-Circuit**

Document ID: 16-SMCC-3251, for USAA GENERAL INDEMNITY COMPANY. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 16-SMCC-3250, for TRANSAM TRUCKING, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 16-SMOS-317, for CAVINS, JEFFREY. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 16-SMOS-316, for ELLIOTT, JEFFREY. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

| | | |
|---|---|---|
| **05/03/2016** | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** WALTER H BLEY JR |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | Petition for Damages. |
| | | **On Behalf Of:** EZZEDDEAN NEME, ALIA-MARIA RASHIED NEME |
| | ☐ | **Judge Assigned** |
| | | DIV 17 |

16SL-CC01649

Electronically Filed - St Louis County - May 03, 2016 - 02:39 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

EZZEDDEAN NEME                          )
26939 Rochelle Street                   )
Dearborn Heights, MI 48127              )
                                        )
and                                     )
                                        )
ALIA-MARIA RASHIED NEME                 )
1740 White Avenue                       )
Lincoln Park, MI  48146                 )
                                        )
                    Plaintiffs,         )
v.                                      )
                                        )
JEFFREY ELLIOTT                         )    Case No. _____
5544 N. Lawrence                        )
Philadelphia, PA 19120                  )    **JURY TRIAL DEMANDED**
                                        )
and                                     )
                                        )
JEFFREY CAVINS                          )
909 Country Pointe Lane                 )
Marine, IL 62061                        )
                                        )
and                                     )
                                        )
TRANSAM TRUCKING, INC.                  )
15910 S. 169 Highway                    )
Olathe, KS 66062                        )
                                        )
Serve Registered Agent:                 )
SBLSG Registered Agent, Inc.            )
105 W. Kansas, Suite A                   )
Liberty, MO 64068                       )
                                        )
and                                     )
                                        )
USAA GENERAL INDEMNITY                   )
COMPANY                                  )
9800 Fredericksburg Road                )
San Antonio, TX  78288                  )

Electronically Filed - St Louis County - May 03, 2016 - 02:39 PM

Serve Registered Agent:    )
CT Corporation System    )
120 South Central Avenue   )
Clayton, MO  63105     )
             )
and            )
             )
JOHN DOE        )
             )
     Defendants.   )

## PETITION FOR DAMAGES

   COME NOW Plaintiffs, Ezzeddean Neme and Alia-Maria Rashied Neme, by and through

their counsel of record, Bley & Evans, L.C., and for their cause of action against Defendants,

Jeffrey Elliott, Jeffrey Cavins, TransAm Trucking, Inc., USAA General Indemnity Company, and

John Doe, state and allege as follows:

   1.   Plaintiffs are residents of Wayne County, Michigan.

   2.   Defendant Elliott is a resident of Philadelphia, Philadelphia County, Pennsylvania.

   3.   Defendant Cavins is a resident of Marine, Madison County, Illinois.

   4.   Defendant TransAm Trucking, Inc., (hereinafter "Defendant TransAm"), is a

corporation incorporated in Kansas, which may be served with process by serving its registered

agent at the address shown in the caption above.

   5.   Defendant USAA General Indemnity Company, (hereinafter "Defendant USAA"),

is a corporation incorporated in the State of Texas which is registered to do business in the State

of Missouri.  Defendant USAA regularly solicits business from, issues policies to, and collects

premiums from Missouri residents.  As a foreign insurance company doing business in Missouri,

Defendant USAA may be served through the Missouri Division of Insurance, Director of Division

of Insurance, 301 West High Street – Room 530, Jefferson City, MO  65102, or through its

registered agent, CT Corporation System, 120 South Central Avenue, Clayton, MO  63105.

Electronically Filed - St Louis County - May 03, 2016 - 02:39 PM

6.      Defendant John Doe is being utilized in the event that Defendant TransAm is the incorrect entity for the tractor-trailer driven by Defendant Elliott.

7.      All acts forming the basis of this claim occurred in St. Louis County, Missouri, and venue is, therefore, proper in St. Louis County, Missouri, pursuant to RSMo § 508.010.

8.      On May 14, 2011, Plaintiff Ezzeddean Neme was driving a 2010 Ford F-150 in the left lane on Interstate 270 in St. Louis, Missouri. Plaintiff Alia-Maria Rashied Neme was in the passenger seat of the vehicle.

9.      At the same time, Defendant Cavins was traveling in the far right lane in a 2002 Ford Explorer.

10.     Defendant Elliott was traveling in the center lane in a tractor trailer, acting within the scope of his employment with TransAm Trucking, Inc.

11.     Defendant Cavins caused his vehicle to swerve from the right lane to the center lane.

12.     Thereafter, Defendant Elliott swerved from the center lane to the left lane, causing a collision between Defendant Elliott's tractor trailer and Plaintiff Ezzeddean Neme's vehicle.

13.     The collision between Defendant Elliott and Plaintiff Ezzeddean Neme's vehicle caused Plaintiff Ezzeddean Neme's vehicle to become airborne, strike the cement median, overturn, and come to rest on the passenger side of the truck.

14.     Plaintiff Ezzeddean Neme hit his head on the driver's side window of the truck, and was unconscious for approximately ten minutes. Both Plaintiffs were trapped in the overturned vehicle until police and paramedics arrived.

Electronically Filed - St Louis County - May 03, 2016 - 02:39 PM

15.    As a direct and proximate result of the collision, Plaintiff Ezzeddean Neme was hospitalized, and suffered significant injuries, including, but not limited to, his right knee, back, and head.

16.    As a direct and proximate result of the collision, Plaintiff Alia-Maria Rashied Neme suffered injuries, including, but not limited to, her right ankle, right shoulder, wrist, back, neck, and head.

## Count I - Negligence

17.    To the extent they are not inconsistent, Plaintiffs incorporate by reference paragraphs 1-16 as if set forth fully herein.

18.    Defendant Elliott, acting in the scope of his employment, was negligent in one or more of the following respects, to-wit:

    a.    Defendant failed to keep a proper lookout; or

    b.    Defendant failed to properly change lanes or signal adequately before doing so; or

    c.    Defendant was driving at an excessive rate of speed under the circumstances; or

    d.    Defendant swerved out of his lane without adequate warning.

19.    Defendant Cavins was negligent in one or more of the following respects, to-wit:

    a.    Defendant failed to keep a proper lookout; or

    b.    Defendant failed to properly change lanes or signal adequately before doing so; or

    c.    Defendant was driving at an excessive rate of speed under the circumstances; or

    d.    Defendant swerved out of his lane without adequate warning.

Electronically Filed - St Louis County - May 03, 2016 - 02:39 PM

20.     The negligence of the Defendants, and each of them, caused, or contributed to cause, Plaintiffs to suffer the injuries as more fully set forth in paragraphs 14-16 above.

21.     The negligence of the Defendants, and each of them, caused, or contributed to cause, Plaintiffs to suffer, and Plaintiffs will continue to suffer the following damages:

      a.     Past and future medical expenses;

      b.     Past and future lost wages;

      c.     Past and future pain, suffering, loss of enjoyment of life; and

      d.     Past and future severe emotional distress and psychological trauma.

WHEREFORE, Plaintiffs, Ezzeddean Neme and Alia-Maria Rashied Neme, pray for judgment against Defendants, Jeffrey Elliott, Jeffrey Cavins, TransAm Trucking, Inc., and John Doe, jointly and severally, in such sum as will fairly and reasonably compensate them for their injuries, in excess of Twenty-Five Thousand Dollars ($25,000.00), and for such other and further relief as the Court deems just and proper.

## Count II – Negligence Per Se

22.     To the extent they are not inconsistent, Plaintiffs incorporate by reference paragraphs 1-21 as if set forth fully herein.

23.     Defendant Elliott's actions constituted negligence per se in that Defendant Elliott violated duties imposed by regulations, statutes, and ordinances in the following manner:

      a.     By driving his vehicle at an excessive rate of speed, and failing to properly signal or keep a proper lookout to change lanes, Defendant Elliott failed to operate his vehicle in a safe and prudent manner, and did not exercise the highest degree of care possible, in violation of RSMo § 304.012; and/or

Electronically Filed - St Louis County - May 03, 2016 - 02:39 PM

      b.      Defendant Elliott suddenly decreased the speed of or turned his vehicle from a direct course, and moved left or right upon the roadway without ensuring such movement could be made with reasonable safety, and failed to signal in violation of RSMo § 304.019.

24.      Defendant Cavins' actions constituted negligence per se in that Defendant Cavins violated duties imposed by regulations, statutes, and ordinances in the following manner:

      a.      By driving his vehicle at an excessive rate of speed, and failing to properly signal or keep a proper lookout to change lanes, Defendant Cavins failed to operate his vehicle in a safe and prudent manner, and did not exercise the highest degree of care possible, in violation of RSMo § 304.012; and/or

      b.      Defendant Cavins suddenly decreased the speed of or turned his vehicle from a direct course, and moved left or right upon the roadway without ensuring such movement could be made with reasonable safety, and failed to signal in violation of RSMo § 304.019.

25.      Plaintiffs are members of the class of persons that the above-described statutes were intended to protect, and Plaintiffs' injuries resulting from Defendants' violation of said statutes are of the type that the statutes were designed to prevent.

26.      Defendants' violation of the above-mentioned statutes caused, or contributed to cause, Plaintiffs to sustain severe personal injuries and damages as previously set forth in paragraphs 14-16 above.

WHEREFORE, Plaintiffs, Ezzeddean Neme and Alia-Maria Rashied Neme, pray for judgment against Defendants, Jeffrey Elliott, Jeffrey Cavins, TransAm Trucking, Inc., and John Doe, jointly and severally, in such sum as will fairly and reasonably compensate them for their injuries, in excess of Twenty-Five Thousand Dollars ($25,000.00), and for such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - May 03, 2016 - 02:39 PM

## Count III – USAA General Indemnity Company
### (Uninsured Motorist Coverage)

27.     To the extent they are not inconsistent, Plaintiffs incorporate by reference paragraphs 1-26 as if set forth fully herein.

28.     Immediately prior to the accident, Defendant Cavins was traveling eastbound on Interstate 270 when a maroon vehicle entered the roadway from the righthand shoulder and into the path of Defendant Cavins' vehicle.

29.     The negligence of the driver of the maroon vehicle caused, or contributed to cause, Defendant Cavins to leave his lane and impact the vehicle driven by Defendant Elliott.

30.     The actions of the maroon vehicle caused, or contributed to cause, Defendant Elliott to impact Plaintiff Ezzeddean Neme's vehicle, thereby resulting in the injuries and damages as previously set forth in paragraphs 14-16 above.

31.     The maroon vehicle left the scene and cannot be identified, and, as such, is considered an uninsured vehicle at the time of the collision.

32.     The vehicle Plaintiffs occupied at the time of the wreck was insured through policies of insurance from Defendant USAA. Due consideration was paid for said policies, and said policies were in full force and effect at the time of the collision.

33.     As the maroon vehicle was driven by an unknown driver, it is considered uninsured, and thus, the uninsured motorist policy purchased through USAA was triggered.

WHEREFORE, Plaintiffs, Ezzeddean Neme and Alia-Maria Rashied Neme, pray for judgment against Defendants, Jeffrey Elliott, Jeffrey Cavins, TransAm Trucking, Inc., USAA General Indemnity Company, and John Doe, jointly and severally, in such sum as will fairly and reasonably compensate them for their injuries, in excess of Twenty-Five Thousand Dollars ($25,000.00), and for such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - May 03, 2016 - 02:39 PM

Respectfully Submitted,

**BLEY & EVANS, L.C.**

By:    /s/ Wally Bley
       WALLY BLEY, #28657
       MARK J. EVANS, #39050
       1000 West Nifong Blvd.
       Building 4, Suite 200
       Columbia, MO 65203
       Telephone:  (573) 443-8385
       Facsimile:  (573) 443-8395
       Email: bley@bleyevanslaw.com
       Email: evans@bleyevanslaw.com
       **ATTORNEYS FOR PLAINTIFFS**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | **Case Number:  16SL-CC01649** |
| Plaintiff/Petitioner:<br>EZZEDDEAN NEME | Plaintiff's/Petitioner's Attorney/Address<br>WALTER H BLEY JR<br>WOODRAIL CENTRE BUILDING<br>1000 WEST NIFONG BLDG. 4<br>SU 200<br>COLUMBIA, MO  65203 |
| vs. | |
| Defendant/Respondent:<br>JEFFREY ELLIOTT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:**  USAA GENERAL INDEMNITY COMPANY
**Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY 314-615-4567, at least three business days in advance of the court proceeding.**

<u>05-MAY-2016</u>
**Date**

**Further Information:**
**ALD**

_____
**Clerk**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
    Printed Name of Sheriff or Server                       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                       Date                             Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$**_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | | **Case Number:  16SL-CC01649** |
| Plaintiff/Petitioner:<br>EZZEDDEAN NEME | | Plaintiff's/Petitioner's Attorney/Address<br>WALTER H BLEY JR<br>WOODRAIL CENTRE BUILDING<br>1000 WEST NIFONG BLDG. 4<br>SU 200<br>COLUMBIA, MO 65203 |
| | **vs.** | |
| Defendant/Respondent:<br>JEFFREY ELLIOTT | | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |
| | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to:   TRANSAM TRUCKING, INC.<br><pre>            Alias:</pre> | |

SERVE REGISTERED AGENT:          105 W. KANSAS
SBLSG REGISTERED AGENT INC.      SUITE A
                                 LIBERTY, MO 64068

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY 314-615-4567, at least three business days in advance of the court proceeding.**

<u>05-MAY-2016</u>
**Date**

**Further Information:**
**ALD**

_____
**Clerk**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                  Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  16SL-CC01649 |
|---|---|
| Plaintiff/Petitioner:<br>EZZEDDEAN NEME | Plaintiff's/Petitioner's Attorney/Address:<br>WALTER H BLEY JR<br>WOODRAIL CENTRE BUILDING<br>1000 WEST NIFONG BLDG. 4<br>SU 200<br>COLUMBIA, MO  65203 |
| vs. | |
| Defendant/Respondent:<br>JEFFREY ELLIOTT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  JEFFREY CAVINS
Alias:

**909 COUNTRY POINTE LANE**
**MARINE, IL  62061**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>05-MAY-2016</u>
Date
Further Information:
ALD

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | **Case Number:  16SL-CC01649** |
| Plaintiff/Petitioner:<br>EZZEDDEAN NEME | Plaintiff's/Petitioner's Attorney/Address:<br>WALTER H BLEY JR<br>WOODRAIL CENTRE BUILDING<br>1000 WEST NIFONG BLDG. 4<br>SU 200<br>COLUMBIA, MO  65203 |
| vs. | |
| Defendant/Respondent:<br>JEFFREY ELLIOTT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | *(Date File Stamp)* |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  JEFFREY ELLIOTT
                                            Alias:

**5544 N. LAWRENCE**
**PHILADELPHIA, PA  19120**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
      **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>05-MAY-2016</u>
   Date
Further Information:
ALD

_____ Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    - ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

      **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
      I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
*(Seal)*               ☐ authorized to administer oaths.  (use for court-appointed server)

_____
                              Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner's has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

004117



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 16SL-CC01649 | I certify that this document has been served in accordance with Illinois State Statutes governing service of process. Particulars of the specific service are contained in the records of the Sheriff's Headquarters, 405 Randle St., Edwardsville, IL 62025.<br><br>JOHN D. LAKIN, Sheriff<br>By _____<br>Date of service: 6-11-16 |
| Plaintiff/Petitioner:<br>EZZEDDEAN NEME | Plaintiff's/Petitioner's Attorney/Address:<br>WALTER H BLEY JR<br>WOODRAIL CENTRE BUILDING<br>1000 WEST NIFONG BLDG. 4<br>SU 200<br>COLUMBIA, MO 65203 | |
| vs. | | |
| Defendant/Respondent:<br>JEFFREY ELLIOTT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **JEFFREY CAVINS**
Alias:

*Served Jeffrey Cavins*

**909 COUNTRY POINTE LANE**
**MARINE, IL 62061**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading to the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
    **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

*ST. LOUIS COUNTY*

**05-MAY-2016**
**Date**
**Further Information:**
**ALD**

_____ Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by: (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
  ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
  ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
              ☐ the judge of the court of which affiant is an officer.
              ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                (use for out-of-state officer)
              ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

Electronically Filed - St Louis County - May 16, 2016 - 01:57 PM

Electronically Filed - St Louis County - May 16, 2016 - 01:57 PM

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - St Louis County - May 16, 2016 - 01:57 PM

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-317     3     (16SL-CC01649)     Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: Document ID# 16-SMOS-317    4    (16SL-CC01649)    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Electronically Filed - St Louis County - May 16, 2016 - 01:57 PM

Electronically Filed - St Louis County - May 16, 2016 - 01:57 PM

004117



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 16SL-CC01649 | I certify that this document has been served in accordance with Illinois State Statutes governing service of process. Particulars of the specific service are contained in the records of the Sheriff's Headquarters, 405 Randle St., Edwardsville, IL 62025. |
| Plaintiff/Petitioner:<br>EZZEDDEAN NEME | Plaintiff's/Petitioner's Attorney/Address:<br>WALTER H BLEY JR<br>WOODRAIL CENTRE BUILDING<br>1000 WEST NIFONG BLDG. 4<br>SU 200<br>COLUMBIA, MO 65203 | JOHN D. LAKIN, Sheriff<br>By_____<br>Date of service: 6-11-16 |
| vs. | | |
| Defendant/Respondent:<br>JEFFREY ELLIOTT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **JEFFREY CAVINS**
Alias:

*Served Jeffrey Cavins*

**909 COUNTRY POINTE LANE
MARINE, IL 62061**

*COURT SEAL OF*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading to the petition on the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

*ST. LOUIS COUNTY*

<u>05-MAY-2016</u>
**Date**
**Further Information:**
**ALD**

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**
Summons        $_____
Non Est        $_____
Mileage        $_____ ( _____ miles @ $ _____ per mile)
Total          $_____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-317    1    (16SL-CC01649)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - St Louis County - May 16, 2016 - 01:57 PM

Electronically Filed - St Louis County - May 16, 2016 - 01:57 PM

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: Document ID# 16-SMOS-317       3       (16SL-CC01649)       Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Electronically Filed - St Louis County - May 16, 2016 - 01:57 PM

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-317    4    (16SL-CC01649)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

5 18
6-4



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 16SL-CC01649 |
| Plaintiff/Petitioner:<br>EZZEDDEAN NEME | Plaintiff's/Petitioner's Attorney/Address<br>WALTER H BLEY JR<br>WOODRAIL CENTRE BUILDING<br>1000 WEST NIFONG BLDG. 4<br>SU 200<br>COLUMBIA, MO 65203 |
| vs. | |
| Defendant/Respondent:<br>JEFFREY ELLIOTT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

**FILED**
MAY 20 2016
JOAN M GILMER
CIRCUIT CLERK

**SHERIFF FEE PAID**

## Summons in Civil Case

**The State of Missouri to:** USAA GENERAL INDEMNITY COMPANY
**Alias:**
RA, CT corporation

30 CTCOR
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105
(30) CUHC

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY 314-615-4567, at least three business days in advance of the court proceeding.

<u>05-MAY-2016</u>
Date

_Joan M. Gilmer_
Clerk

**Further Information:**
ALD

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

- [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
- [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

- [✓] other    **LCW - A. CAIRNS**

Served at    **CT CORP** _____ (address)
in    **St. Louis County** (County/City of St. Louis), MO, on **MAY 13 2016** (date) at **9 AM** (time).

2016 MAY -6 AM 9:12
ST. LOUIS COUNTY
SHERIFF'S OFFICE
RECEIVED

MAY 10 2016

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

*(Seal)*

Electronically Filed - St Louis County - May 20, 2016 - 12:21 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| EZZEDDEAN NEME and | ) | |
| ALIA-MARIA RASHIED NEME, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Cause No.   16SL-CC01649 |
| | ) | |
| JEFFREY ELLIOTT, | ) | Division No. 17 |
| JEFFREY CAVINS, | ) | |
| TRANSAM TRUCKING, INC., | ) | |
| USAA GENERAL INDEMNITY CO and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE OF INTERROGATORIES

Comes now Defendant Cavins and states that a copy of Defendant's First Set of Interrogatories Directed to Plaintiffs for answer and Request for Production of Documents have been emailed in MS Word 6.0 format to attorneys of record at bley@bleyevanslaw.com and by regular mail this 20th day of May, 2016.

**/s/ Daniel E. Wilke**
Daniel E. Wilke #24464
James A. Wilke #51242
WILKE & WILKE, P.C.
Attorneys for Defendant Cavins
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

Electronically Filed - St Louis County - May 20, 2016 - 12:21 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

EZZEDDEAN NEME and                          )
ALIA-MARIA RASHIED NEME,                    )
                                            )
          Plaintiffs,                       )
                                            )
vs.                                         )       Cause No.   16SL-CC01649
                                            )
JEFFREY ELLIOTT,                            )       Division No. 17
JEFFREY CAVINS,                             )
TRANSAM TRUCKING, INC.,                     )
USAA GENERAL INDEMNITY CO and               )
JOHN DOE,                                   )
                                            )
          Defendants.                       )

## DEFENDANT CAVINS' ANSWER TO PLAINTIFFS' PETITION

Comes now Defendant Jeffrey Cavins, by and through his attorneys, and for his Answer

to Plaintiffs' Petition states as follows:

          1.      Admit.

          2.      Admit.

          3.      Admit.

          4.      Admit.

          5.      Admit.

          6.      Admit.

          7.      Admit.

          8.      Admit.

          9.      Admit.

          10.     Admit.

          11.     Denied.

Electronically Filed - St Louis County - May 20, 2016 - 12:21 PM

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

## COUNT I

17.     Defendant incorporates by reference his responses to paragraphs 1 through 16 as if more fully set forth herein.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

## COUNT II

22.     Defendant incorporates by reference his responses to paragraphs 1 through 21 as if more fully set forth herein.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

## COUNT III

27.     Defendant incorporates by reference his responses to paragraphs 1 through 26 as if more fully set forth herein.

28.     Admit.

29.    Defendant admits the actions of the driver of the maroon vehicle caused Defendant Cavins to swerve but denies the remainder of this paragraph.

30.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30 and therefore denies same.

31.    Admit.

32.    Admit.

33.    Admit

## AFFIRMATIVE DEFENSES TO ALL COUNTS

34.    By way of further answer and defense, Defendant Cavins was required to take evasive action to avoid colliding with the maroon vehicle which caused a sudden emergency which could not be avoided but for taking evasive action and therefore was not negligent.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant Jeffrey Cavins prays to be dismissed hence, for his costs and for any further such relief as the Court deems necessary and proper.

/s/ **Daniel E. Wilke**
Daniel E. Wilke #24464
James A. Wilke #51242
WILKE & WILKE, P.C.
Attorneys for Defendant Cavins
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

Electronically Filed - St Louis County - May 20, 2016 - 12:21 PM

I hereby certify that on May 20, 2016 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Wally Bley
Attorney at Law
1000 West Nifong Boulevard
Building 4, Suite 200
Columbia, MO    65203
ATTORNEY FOR PLAINTIFFS

**/s/ Daniel E. Wilke**

JAW:lb

Electronically Filed - St Louis County - May 20, 2016 - 12:21 PM

Electronically Filed - St Louis County - May 20, 2016 - 12:21 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

EZZEDDEAN NEME and                    )
ALIA-MARIA RASHIED NEME,              )
                                      )
     Plaintiffs,                   )
                                      )
vs.                                   )        Cause No.   16SL-CC01649
                                      )
JEFFREY ELLIOTT,                      )        Division No. 17
JEFFREY CAVINS,                       )
TRANSAM TRUCKING, INC.,               )
USAA GENERAL INDEMNITY CO and         )
JOHN DOE,                             )
                                      )
     Defendants.                   )

## ENTRY OF APPEARANCE

     Come now Daniel E. Wilke, James A. Wilke and Wilke & Wilke, P.C. and enter their

appearance as attorneys for Defendant Jeffrey Cavins.

                             **/s/ Daniel E. Wilke**
                             Daniel E. Wilke #24464
                             James A. Wilke #51242
                             WILKE & WILKE, P.C.
                             Attorneys for Defendant Cavins
                             2708 Olive Street
                             St. Louis, Missouri 63103
                             314-371-0800
                             Fax: 314-371-0900
                             wilke@wilkewilke.net

     I hereby certify that on May 20, 2016 the foregoing was filed electronically with the Clerk
of Court to be served by operation of the Court's electronic filing system upon the following:

Wally Bley
Attorney at Law
1000 West Nifong Boulevard
Building 4, Suite 200
Columbia, MO    65203
ATTORNEY FOR PLAINTIFFS

                             **/s/ Daniel E. Wilke**

DEW:lb